Eric H. Weitz (to seek admission *pro hac vice*)
Max S. Morgan (to seek admission *pro hac vice*)
The Weitz Firm, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

Chris R. Miltenberger (to seek admission *pro hac vice*)
The Law Offices of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

*Counsel for Plaintiff and the proposed class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Natasha Hiller, *on behalf of herself and others similarly situated,*<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>The Money Source Inc.,<br><br>　　　　　Defendant. | Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.　Natasha Hiller ("Plaintiff") brings this class action against The Money Source Inc. ("Defendant" or "TMS") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express

consent.

3. More specifically, upon information and good faith belief, Defendant has an erroneous TCPA policy that it uniformly applies to its calling practices that results in unwanted artificial or prerecorded voice calls it places to telephone numbers assigned to a cellular telephone service.

4. Defendant's erroneous TCPA policy provides that Defendant will <u>only</u> honor a consumer's do-not-call request if Defendant receives a written cease and desist letter from that consumer.

5. Defendant will record verbal do-not-call requests it receives from consumers in its records but will not honor such requests unless Defendant receives a written request.

6. This policy results in violations of the TCPA because "consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and . . . callers may not infringe on that ability by designating an exclusive means to revoke." *In re Rules & Regulations Implementing the TCP Act of 1991 et al.*, 30 FCC Rcd 7961, 7996 (F.C.C. July 10, 2015).

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

8. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this district, is located in this district, and has committed tortious acts in this district.

9. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district and Defendant resides in this district.

10. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district.

**Parties**

11. Plaintiff is a natural person who at all relevant times resided in Cornelius, Oregon.

12. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a corporation organized under the laws of the State of Delaware, with global headquarters located at 3138 E. Elwood Street, Phoenix, Arizona 85034.

14. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

15. Plaintiff is, and has been for the relevant time period, the subscriber to her cellular telephone number—(XXX) XXX-2225.

16. In or around April 2022, Defendant began placing calls to telephone number (XXX) XXX-2225, intending to reach Plaintiff.

17. For example, Defendant placed calls to telephone number (XXX) XXX-2225 on at least the following dates: April 14, 2022, July 13, 2022, August 15, 2022, August 17, 2022, September 13, 2022, September 15, 2022, September 17, 2022, September 19, 2022, October 10, 2022 October 12, 2022, October 19, 2022, October 20, 2022, October 28, 2022, November 8, 2022, November 21, 2022, November 25, 2022, December 20, 2022, and January 12, 2023.

18. Defendant's records will show all of the calls it made to Plaintiff at telephone number (XXX) XXX-2225.

19. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-2225.

20. For example, on December 20, 2022, Defendant delivered to telephone number (XXX) XXX-2225, from telephone number (866) 867-0330, an artificial or prerecorded voice message that states:

> Hello. The following is an important message from Jeff with The Money Source, your mortgage servicer. It is very important that you return our call as soon as possible we can be reached at 866-867-0330 Monday through Friday 8AM to 9PM eastern time. Again, this is an important message from The Money Source, your mortgage servicer. Please contact us at 866-867-0330. We look forward to speaking with you have a great day. Thank you.

21. On a number of occasions, Plaintiff contacted Defendant and requested that Defendant cease calling her with prerecorded or artificial voice messages.

22. Defendant's representatives informed Plaintiff that it was Defendant's policy to only honor a consumer's do-not-call request if Defendant receives a written cease and desist letter from that consumer.

23. Defendant's representatives' informed Plaintiff that Defendant would record her verbal request in its records but would take no action unless and until Defendant received a written cease and desist letter.

24. Plaintiff explained to Defendant's representatives that the TCPA required them to honor a verbal do-not-call request.

25. Plaintiff knew that the TCPA required them to honor a verbal do-not-call request because Plaintiff works in financial services and was provided with TCPA training by her employer.

26. On numerous occasions, Plaintiff asked Defendant's representatives if they had knowledge of or were trained with respect to the TCPA.

27. On numerous occasions, Defendant's representatives informed Plaintiff that the representatives did not know what the TCPA was.

28. Despite Plaintiff's numerous instructions to stop calling her with an artificial or prerecorded message, Defendant continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-2225.

29. Defendant placed numerous calls to telephone number (XXX) XXX-2225 after Plaintiff requested that the calls stop.

30. Defendant delivered, or attempted to deliver, numerous artificial or prerecorded voice messages to telephone number (XXX) XXX-2225 after Plaintiff requested that the calls stop.

31. Defendant placed the subject calls to telephone number (XXX) XXX-2225 for non-emergency purposes.

32. Defendant placed the subject calls to telephone number (XXX) XXX-2225 voluntarily.

33. Defendant placed the subject calls to telephone number (XXX) XXX-2225 under its own free will.

34. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (XXX) XXX-2225.

35. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice message, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

36. For example, Plaintiff spent time tending to the calls and requesting that they stop.

37. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone and depleted her battery.

38. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent express consent.

**Class Action Allegations**

39. Plaintiff brings this action under Federal Rules of Civil Procedure 23 as a representative of the following class:

> *Class*: All persons throughout the United States or its territories (1) to whom The Money Source, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) in connection with which The Money Source, Inc. used an artificial or prerecorded voice, (4) after the called party requested that The Money Source, Inc. stop placing telephone calls using an artificial or prerecorded voice to their cellular telephone, as recorded in The Money Source, Inc.'s business records, (5) from four years prior to the filing of this Complaint through the date of class certification.

40. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest, class counsel and their employees, and the judicial officers and their immediate family members and associated court staff assigned to this case.

41. Upon information and belief, the members of the class is so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the class are unknown to Plaintiff at this time and can be determined only through appropriate discovery including Defendant's records.

43. The members of the class are ascertainable because they are defined by reference

to objective criteria.

44. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

45. Plaintiff's claims are typical of the claims of the members of the class.

46. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice after Plaintiff requested that Defendant cease doing so.

47. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant, namely Defendant's erroneous TCPA policy that only honored written do-not-call requests.

48. Plaintiff's claims are based on the same theories as the claims of the members of the class.

49. Plaintiff suffered the same injuries as the members of the class.

50. Plaintiff is an adequate representative of the class because she will fairly and adequately protect the interests of the members of the class.

51. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

52. Plaintiff will vigorously pursue the claims of the members of the class.

53. Plaintiff has retained counsel experienced and competent in class action litigation.

54. Plaintiff's counsel will vigorously pursue this matter.

55. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

56. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

57. Questions of law and fact common to all members of the class are:

   a. Whether Defendant violated the TCPA;

   b. Whether Defendant's conduct, pattern, and practice as it pertains to documenting but not honoring verbal do-not-call requests violated the TCPA;

   c. Whether Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to cellular telephone numbers violate the TCPA after the called party verbally revoked consent;

   d. Whether Defendant's use of an artificial or prerecorded voice violated the TCPA; and,

   e. The availability of statutory penalties.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

60. The pursuit of separate actions by individual members of the class would, as a practical matter, create a risk of being dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

61. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

63. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

64. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

65. The conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

66. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class were damaged and are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certification of the proposed class;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and,

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: February 5, 2023

/s/ Max S. Morgan
Eric H. Weitz, Esquire*
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

Chris R. Miltenberger, Esquire *
The Law Offices of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

*Counsel for Plaintiff and the proposed class*

(*to seek admission *pro hac vice*)