**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Natasha Hiller,

        Plaintiff,

v.

Money Source Incorporated,

        Defendant.

No. CV-23-00235-PHX-JJT

**ORDER**

At issue is Plaintiff Natasha Hiller and Defendant Money Source Incorporated's joint Stipulation Pursuant to LRCiv. 5.6(d) Regarding Sealing of Court Records ("Stipulation") (Doc. 79). Defendant additionally filed its Unopposed Motion to File Its Motion for Partial Summary Judgment Under Seal (PPI Redactions) ("Defendant's Motion") (Doc. 81). The parties request permission to file under seal certain documents pertaining to their respective Motions for Partial Summary Judgment ("MPSJ") and exhibits (*see* Docs. 77, 80, 82, 85). As set forth below, the Court will grant the Stipulation and grant in part and deny in part Defendant's Motion.

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447

F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

Undoubtedly, the parties' dispositive MPSJs are more than tangentially related to the merits of this matter. Therefore, the parties must demonstrate compelling reasons to justify keeping those documents under seal. Here, the parties stipulate to redact class members' private personal information, including telephone numbers, loan numbers, and street addresses, and Defendant's proprietary and non-public business information. (Doc. 79 at 2.) Pursuant to the Stipulation, Plaintiff filed a redacted version of her MPSJ and exhibits (Doc. 77) and lodged the unredacted portions under seal (Doc. 80).

In addition to the Stipulation, Defendant separately moves the Court for permission to file its MPSJ and exhibits under seal to "redact the class members' private personal information." (Doc. 81 at 1.) Pursuant to Defendant's Motion, Defendant lodged under seal a redacted *and* unredacted version of its MPSJ and exhibits (Docs. 82, 85).

The Court finds that protecting private personal and business information from public disclosure is a compelling reason to seal the unredacted documents containing that information. Sealing the unredacted documents that contain such information, however, does not alleviate the need for the parties to file redacted versions of those documents for the benefit of the public. Plaintiff complied with this obligation (*see* Doc. 77). Defendant, on the other hand, lodged the redacted version of its MPSJ and exhibits under seal (Doc. 82) rather than filing it on the public docket.

Accordingly, the Court will grant the Stipulation, grant in part and deny in part Defendant's Motion, and direct the Clerk of Court to seal documents lodged at docket entries 80 and 85. The Clerk of Court is directed **not** to seal the documents lodged at docket entry 82. Pursuant to Local Rule 5.6(e), Defendant shall resubmit the document located at docket entry 82 for public filing within five days from the date of this Order. Because no redacted version of Defendant's MPSJ and exhibits are available publicly and Defendant

indicates that it transmitted only a notice of the filings to Plaintiff, the Court assumes that Plaintiff has not received a copy of Defendant's MPSJ. Therefore, Plaintiff's time to respond to Defendant's MPSJ shall begin the day after Defendant files the redacted version of its MPSJ on the public record.

**IT IS THEREFORE ORDERED** granting the parties' Stipulation Pursuant to LRCiv. 5.6(d) Regarding Sealing of Court Records (Doc. 79).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant Money Source Incorporated's Unopposed Motion to File Its Motion for Partial Summary Judgment Under Seal (PPI Redactions) (Doc. 81).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal the documents currently lodged under seal at docket entries 80 and 85.

**IT IS FURTHER ORDERED** directing the Clerk of Court **not** to file under seal the document currently lodged under seal at docket entry 82.

**IT IS FURTHER ORDERED** that, within five (5) days of the entry of this Order, Defendant shall resubmit the document located at docket entry 82 for public filing.

**IT IS FURTHER ORDERED** that Plaintiff's time to respond to Defendant's Motion for Partial Summary Judgment shall begin the day after Defendant files a redacted version of those documents on the public record.

Dated this 8th day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -