**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Natasha Hiller,

              Plaintiff,

v.

Money Source Incorporated,

              Defendant.

No. CV-23-00235-PHX-JJT

**ORDER**

At issue is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 104). After reviewing the Motion and attached documents, the Court makes the following findings:

1.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) and has personal jurisdiction over the Parties and the Settlement Class Members.

2.    Upon a preliminary fairness evaluation, the proposed Settlement Agreement (1) appears to be the product of serious, informed, non-collusive negotiations, (2) has no obvious deficiency, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls within the range of possible approval. *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009).

3.    Upon a preliminary review, the proposed class is numerous, shares at least one common question of law or fact, the claims or defenses of the representative parties

are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class, pursuant to Rule 23(a).

4. Upon a preliminary review, the questions of law or fact common to class members predominate over questions affecting individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b).

5. The proposed Settlement Agreement relief provided—a $1.5 million non-reversionary settlement fund—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risk, and delay of further litigation, trial and appeal, the alleged harm to Settlement Class Members, the proposed method of distributing payments to the Settlement Class, and the absence of any agreement required to be identified under Rule 23(e)(3).

6. The Court will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2) and to finally certify the Settlement Class for purposes of judgment on the Settlement.

7. The content of the Notice and proposed Notice Plan attached to the Settlement Agreement at docket entry 104-1 ("Agreement"), meets the requirements of due process under the United States Constitution and Rule 23, and such Notice Plan—which includes (i) direct letter notice, (ii) direct email notice, (iii) setting up a toll-free telephone number; and (iv) establishing a Settlement Website at the web address of www.moneysourceTCPAclassaction.com, where Settlement Class Members can view the full Agreement, the detailed long-form notice, and other key case documents.

8. The content of the Notice and proposed Notice Plan is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Agreement, including whether to object and whether to opt out.

9. The content of the Notice clearly and concisely states in plain, easily understood language, inter alia: (a) the nature of the case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will

## NOTICE AND INITIAL ADMINISTRATION

14.    The Court approves the proposed Notice Plan as set forth in Section 7-9 of the Agreement and the contents of the Notice (Doc. 104-1).

15.    The Court appoints Atticus Administration LLC as the Administrator for the Settlement and directs Atticus to carry out all the duties and responsibilities of the Administrator as specified in the Class Action Settlement Agreement and herein

16.    No later than **thirty (30) days from the date of this Order ("Notice Date")**, the Administrator shall substantially complete (i) mailing Notice via first class mail and (ii) sending email Notice to Settlement Class Members. In the event that any Notices are returned as non-deliverable, the Claim Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

17.    No later than the **Notice Date**, the Administrator shall maintain and administer a dedicated Settlement Website and set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

18.    In consultation with the Administrator, Defendant will fund the initial settlement administration costs and notice costs with payment to the Settlement Fund not later than the **Notice Date**.

19.    Plaintiff, in consultation with the Administrator, will cause the settlement fund to be invested in FDIC-insured, interest-bearing account(s) for the benefit of Settlement Class Members.

20.    The Court authorizes the Settlement Administrator to expend such funds to pay notice and administration costs necessary to effectuate the approval process as well as any incidental taxes or tax expenses as set forth in the Agreement and supervise and administer the notice procedure.

21.    In the event the Court does not enter a Final Order and Judgment, all proceeds in the settlement fund, less amounts expended for class notice and necessary administration, shall be returned to the Defendant.

. . .

**EXCLUSION AND OBJECTION PROCEDURES**

22. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so no later than **seventy-five (75) days after the Notice Date**, which is the Opt-Out and Objection Deadline. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

23. To submit a Request for Exclusion (or opt-out), Settlement Class Members must follow the directions in the Notice and send a compliant request to the Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, cellular telephone number, provide a signature, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class. Joint, combined, collective, group, or class exclusions shall be invalid.

24. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, will not be entitled to any payment from the Settlement Fund, and the Agreement, Release, and Final Judgment will not bind the excluded person.

25. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement and subject to the release in Section 14.1 of the Settlement.

26. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written objection with the Court by the Objection Deadline. In the written objection, the objecting Settlement Class Member must provide: (a) their name, address, and cellular telephone phone number(s) at which they received calls; (b) if represented by counsel, the name, address, and telephone number of the

objecting Settlement Class Member's counsel; (c) the specific factual and legal grounds for the objection; (d) a signature; and a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. Any documents that the objecting Settlement Class Member wishes the Court to consider must also be attached to the objection. Any objection shall identify any lawyer that represents the Settlement Class Member as to objection. No objection will be valid unless all of the information required above is included. The right to object to this Settlement must be exercised by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. The Parties will have the right to depose any objector as to the basis and grounds of his or her objection, and to assess the objector's membership in the Settlement Class and standing. Joint, combined, collective, group, or class objections shall be invalid.

27.    Any Settlement Class Member who has filed a timely and valid objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement or the requests for attorneys' fees and the class representatives' service awards. In addition to the foregoing, if an objecting Settlement Class Member or his/her attorney requests permission to speak at the Final Approval Hearing, the written objection filed with the Court must contain a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

28.    Any Settlement Class Member who fails to file a timely and valid written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed

from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely and valid Requests for Exclusion, will be bound by the Release set forth in section 14.1 of Agreement.

29. By no later than **thirty (30) days after the Notice Date**, Plaintiff and Class Counsel shall file their motion for attorneys' fees, expenses, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

**FAIRNESS HEARING**

30. The Court will hold a Fairness Hearing on **November 16, 2026 at 2:00 PM (Arizona time)** before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003, to determine whether to approve certification of the class for settlement purposes; whether the proposed terms and conditions in the Settlement Agreement are fair, reasonable, and adequate; whether a final judgment should be entered; whether the proposed plan of distribution should be approved; the amount of fees and expenses that should be awarded to Class Counsel; and the amount of the service award that should be provided to the Class Representative.

31. No later than **thirty (30) days prior to the Fairness Hearing**, the Parties shall file any motions for final Settlement Approval, including any responses to any objections that are submitted. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

32. No later than **fourteen (14) days prior to the Fairness Hearing**, the Administrator shall: (a) file with the Court a declaration stating that the Class Notice required by the Settlement has been disseminated in accordance with the terms of this Preliminary Approval Order; and (b) file with the Court a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

. . .

33. Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

34. If the Settlement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense already incurred in connection with notice and settlement administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

35. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further Order of this Court.

36. The Class Action Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

37. If the Settlement is terminated or final approval does not occur for any reason, the stay will be immediately terminated. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the

Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action and the certification of the Settlement Class will be deemed vacated. The previously certified litigation class will be unaffected.

38.     Pending the Final Approval Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims by Settlement Class Members, in this Court or in any court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds the issuance of this preliminary injunction as to Settlement Class Members necessary and appropriate in aid of the Court's continuing jurisdiction and authority. Such injunction shall remain in force until the Final Approval Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

39.     For the benefit of the Class Members, and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related Orders of the Court.

40.     The Court hereby sets the following schedule of events:

| Event | Deadline |
| --- | --- |
| Issue Notice, publish a Settlement Website and set up a toll-free telephone number for receiving toll-free calls related to the Settlement, and fund the initial settlement administration costs and notice costs in the Settlement Fund. | 30 days after entry of this Order ("Notice Date") |
| Filing Motion for Attorneys' Fees and Costs | 30 days after Notice Date |
| Class Members to object to or opt out of the Settlement | 75 days after Notice Date |
| Filing Motion in Support of Final Approval of Settlement | 30 days before Fairness Hearing |
| Filing Administrator's Declaration and Final Exclusion List | 14 days before Fairness Hearing |

| Fairness Hearing | **November 16, 2026 at 2:00 PM (Arizona time)** |
|---|---|

Dated this 25th day of June, 2026.

Honorable John J. Tuchi
United States District Judge